# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | 2:05-CR-165 JCM (GWF) |
|---|---|
| Plaintiff, | |
| v. | |
| BERNARD LEYVA, | |
| Defendant. | |

# ORDER

Presently before the court is defendant's motion for production of documents and request for leave to file a 2255 motion. (Doc. #98). The government responded (doc. #99), but the defendant has not replied.

## I.    Production of Documents

In his request for production of documents filed in this case, defendant asserts that his "counsel has been ineffective . . . [and] sanctioned for misconduct relating to this case (See docket entry 31)." (Doc. #98). Upon review of docket number 31, which is an entry of minutes of proceeding relating to defendant's arraignment, the court sees no sanction for misconduct of counsel Paul E. Wommer. Although the court does note the Court of Appeals warning that Wommer "shall show cause in writing why this court should not impose monetary sanctions" related to the filing of a deficient opening brief (doc. #87, 88), Wommer has not been terminated as defendant's counsel. Thus, Wommer, and not this court, retains the responsibility of providing Mr. Leyva with documents related to these proceedings.

**James C. Mahan**
**U.S. District Judge**

## II. Relief under 28 U.S.C. § 2255

Under Title 28, United States Code, § 2255, a prisoner "may move the court which imposed [his or her] sentence to vacate, set aside, or correct the sentence." Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") federal prisoners are required to bring an action under § 2255 within one year of the date their conviction becomes final. *See* 28 U.S.C. § 2255. Although § 2255 does not define final, the Supreme Court has held that a conviction is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition of certiorari elapse or a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 (1987).

Here, defendant Leyva's judgment became final on March 11, 2009, ninety (90) days after the Ninth Circuit Court of Appeals' mandate dismissed his appeal. (Doc. #93, 93). This motion was filed on July 20, 2010, more than one year after the date of final judgment. As defendant has not complied with the one-year statute of limitations, the court declines to provide defendant with leave to file a § 2255 motion.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that petitioner's motion for production of documents and request for leave to file a 2255 motion (doc. #98) is DENIED.

DATED September 13, 2010.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -